IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROCKY J. ESLINGER,<br><br>**Petitioner,**<br><br>v.<br><br>SCOTT TINSLEY, Interim Warden,[1]<br><br>**Respondent.** | Case No. 25-CV-042-RAW-JAR |

# OPINION AND ORDER

Petitioner Rocky J. Eslinger ("Eslinger"), an Oklahoma prisoner appearing *pro se*, seeks federal habeas relief under 28 U.S.C. § 2254, asserting he is in state custody in violation of federal law pursuant to the criminal judgment entered against him in Muskogee County District Court Case No. CF-2017-1014. *See* Dkt. 1. Eslinger raises four (4) grounds for habeas relief. *See* Dkt. 1 at 10-27.[2] Having considered Eslinger's Petition for Writ of Habeas Corpus ("Petition") (Dkt. 1), Respondent's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time Barred ("Motion") (Dkt. 8), Respondent's Brief in Support of Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred (Dkt. 9), the record of state-court proceedings provided by Respondent (Dkts. 9-1 through 9-19), Eslinger's Objection to Respondent's Motion to Dismiss (Dkt. 10) and applicable law, the court finds and concludes that Respondent Motion shall be granted.

---

[1] Eslinger presently is incarcerated at Dick Conner Correctional Center, and Scott Tinsley is the interim warden of that facility. The court therefore substitutes Scott Tinsley, Interim Warden, in place of Randy Harding as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

[2] The court's citations refer to the CM/ECF header pagination.

## BACKGROUND

In September 2019, a Muskogee County jury found Eslinger guilty of burglary in the second degree after former conviction of six felonies. Dkt. 9-2. On September 27, 2019, Eslinger was sentenced to a term of twenty-five (25) years. Dkt. 9-2. Following the entry of the Judgment and Sentence, the following post-conviction proceedings ensued:

| Date | Case No. | Event | Citation |
| --- | --- | --- | --- |
| March 11, 2021 | Okla. Crim. App. F-2019-723 | The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Eslinger's conviction. | Dkt. 9-3 |
| March 10, 2022 | Muskogee Cnty. Dist. Ct. Case No. CF-2017-1014 | First Application for Post-Conviction Relief ("First Application") filed. | Dkt. 9-5 |
| August 2, 2022 | Muskogee Cnty. Dist. Ct. Case No. CF-2017-1014 | District court denied First Application. | Dkt. 9-6 |
| October 28, 2022 | Muskogee Cnty. Dist. Ct. Case No. CF-2017-1014 | Pursuant to the OCCA order remanding the matter to the district court for a proper order, the district court entered a Supplemental Order Denying Petitioner's First Application. | Dkt. 9-8 |
| November 16, 2022 | Muskogee Cnty. Dist. Ct. Case No. CF-2017-1014 | Notice of Post-Conviction Appeal filed in district court. | |
| December 5, 2022 | Okla. Crim. App. PC-2022-1063 | Petition in Error appealing denial of First Application. | Dkt. 9-9 |
| January 4, 2023 | Okla. Crim. App. PC-2022-1063 | OCCA declined jurisdiction and dismissed appeal on the basis that Eslinger's Notice of Post-Conviction Appeal was to | Dkt. 9-10 |

| Date | Case No. | Event | Citation |
|---|---|---|---|
| | | be filed on or before November 14, 2022.[3] | |
| February 8, 2023 | Muskogee Cnty. Dist. Ct. Case No. CF-2017-1014 | Second Application for Post-Conviction Relief ("Second Application") filed seeking an appeal out of time regarding his First Application. | Dkt. 9-11 |
| June 22, 2023 | Okla. Crim. App. PC-2023-500 | OCCA granted post-conviction appeal out of time. OCCA ordered Notice of Post-Conviction Appeal to be filed within twenty (20) days of the order in the district court and the Petition in Error to be filed with the OCCA within thirty (30) days of the order. | Dkt. 9-13 |
| August 25, 2023 | Okla. Crim. App. PC-2023-718 | Petition in Error appealing the denial of his First Application filed. | Dkt. 9-14 |
| September 5, 2023 | Okla. Crim. App. PC-2023-718 | OCCA declined jurisdiction and dismissed appeal because the Petition in Error was untimely. | Dkt. 9-15 |
| April 5, 2024 | Muskogee Cnty. Dist. Ct. Case No. CF-2017-1014 | Third Application for Post-Conviction Relief ("Third Application") filed seeking an appeal out of time regarding his First Application. | Dkt. 9-16 |

---

[3] Eslinger had 20 days from October 28, 2022, or until November 17, 2022, to file a notice of post-conviction appeal. *See* Rule 5.2(C)(1), Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. Ann. tit. 22, Ch. 18, App. Eslinger filed his notice on November 16, 2022. Dkt. 9-10 at 1. However, the OCCA mistakenly found it was due on November 14, 2022. *Id.* at 1.

| Date | Case No. | Event | Citation |
|---|---|---|---|
| June 19, 2024 | Okla. Crim. App. PC-2024-418 | OCCA granted post-conviction appeal out of time. | Dkt. 9-18 |
| November 14, 2024 | Okla. Crim. App. PC-2024-528 | OCCA affirmed denial of First Application. | Dkt. 9-19 |
| February 11, 2025 | E.D. Okla. 25-cv-42 | Petition for Writ of Habeas Corpus filed. | Dkt. 1 |

Based upon the above-described procedural history, Respondent, by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, contends Eslinger's Petition is time-barred. Dkts. 8 and 9. Specifically, Respondent argues Eslinger's Petition is untimely pursuant to 28 U.S.C. § 2244(d) and Eslinger is not entitled to equitable tolling. *See* Dkt. 9. The court agrees.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one (1) year from the latest of four (4) triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

(A)　the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)　the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)　the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)　the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

I.   **28 U.S.C. § 2244(d)(1)(A)**

Eslinger failed to initiate his Petition within the time mandated by 28 U.S.C. § 2244(d)(1)(A). As detailed above, Eslinger's conviction was affirmed by the OCCA on March 11, 2021. Dkt. 9-3. Eslinger did not seek a writ of certiorari from the United States Supreme Court within 150 days after the OCCA affirmed the conviction.[4] Therefore, Eslinger's conviction became final on August 9, 2021,[5] 150 days after March 11, 2021. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." (internal citation and quotation omitted)). Eslinger's one-year period to file a petition for writ of habeas corpus began August 10, 2021, and, absent statutory tolling, expired August 10,

---

[4] Normally, a petition for writ of certiorari must be filed within ninety (90) days after entry of the relevant judgment. *See* Sup. Ct. R. 13. However, "[m]iscellaneous Supreme Court Order 589 was issued in response to the COVID-19 pandemic and extended the deadline for petitions for a writ of certiorari due on or after March 19, 2020, from 90 to 150 days." *Clark v. United States*, Case No. 4:21-CV-00127-JAR, 2021 WL 5918550, at *4 n.3 (E.D. Mo. Dec. 15, 2021) (unpublished). The Supreme Court rescinded that order on July 19, 2021, but for "any case in which the relevant lower court judgment . . . was issued prior to July 19, 2021, the deadline to file a petition for a writ of certiorari remain[ed] extended to 150 days from the date of that judgment or order." Dkt. 9-4.

[5] Eslinger's deadline was technically August 8, 2021. Since August 8, 2021, was a Sunday, Eslinger's deadline to file a petition for certiorari extended to Monday, August 9, 2021. Fed. R. Civ. P. 6(a)(1)(C).

5

2022. The court therefore finds, absent any tolling events, the Petition, filed February 11, 2025[6] is untimely under 28 U.S.C. § 2244(d)(1)(A).[7]

## II.    28 U.S.C. § 2244(d)(2)

Statutory tolling suspends the one-year limitations period for the "time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. 28 U.S.C. § 2244(d)(2). An application for state postconviction or other collateral review "remains pending until the application has achieved final resolution through the State's postconviction procedures." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (internal quotation omitted) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)). And the application must be filed within the applicable one-year limitations period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Eslinger filed his First Application on March 10, 2022. Dkt. 9-5. Therefore, from August 10, 2021, until March 10, 2022, 212 of Eslinger's 365 days to file a federal habeas petition were expended. Eslinger's First Application provided him with statutory tolling from the date it was filed, March 10, 2022, until the OCCA declined jurisdiction and dismissed his appeal, January 4, 2023. *See* Dkts. 9-5 and 9-10. Eslinger's remaining 153 days began to run again on January 5, 2023, until February 8, 2023, the date Eslinger filed his Second Application. Dkt. 9-11. During this time, 34 additional days were expended. Eslinger enjoyed the benefit of statutory tolling from February 8, 2023, until July 22, 2023, Eslinger's deadline to file a Petition in Error. *See* Dkts. 9-

---

[6] Applying the prison mailbox rule, the court deems the Petition filed on February 11, 2025, the date Eslinger declares, under penalty of perjury, he placed the Petition in the prison's legal mail system. Dkt. 1 at 32; Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.
[7] Eslinger did not allege any facts in his Petition triggering 28 U.S.C. §§ 2244(d)(1)(B), (C) or (D). *See* Dkt. 1. Therefore, the court does not analyze these subsections.

6

13, 9-14 and 9-15. Eslinger's remaining 119 days began to run on July 23, 2023, and expired on November 19, 2023. Eslinger did not file his Petition until February 11, 2025.[8] Therefore, even with the benefit of statutory tolling, Eslinger's Petition is untimely under 28 U.S.C. § 2244(d).

## III.    Equitable Tolling

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, Eslinger's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008)[9] (internal quotation marks omitted) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)). Nothing in Eslinger's Petition indicates extraordinary circumstances precluded the timely submission of the *instant* action.

Eslinger specifically contends he is entitled to equitable tolling from March 10, 2022, the filing of his First Application, until November 14, 2024, the date the OCCA affirmed the denial of his First Application. *See* Dkt. 1 at 30. According to Eslinger, he had 127 of his 365 days remaining when the OCCA affirmed the denial of his First Application (Dkt. 9-19), or until March 20, 2025, rendering his February 11, 2025 Petition timely. Dkt. 1 at 30. Eslinger states, "the time gap in between: 09/05/23 – 04/05/24, is overcome by the OCCA's granting petitioner's appeal-out-of-time – 6/19/24; *see Orange v. Calbone* 10th Circuit (2003)." *Id.* In his Objection, Eslinger

---

[8] Eslinger's Third Application did not provide him with any statutory tolling as it was filed on April 5, 2024 (Dkt. 9-16), after the expiration of his one-year statute of limitations, or November 19, 2023. *Clark*, 468 F.3d at 714.

[9] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

7

argues the granting of his Third Application (Dkt. 9-18) "reestablish[ed] appellate timelines that should toll or reset the clock under § 2244(d)(1)(A) or (D) when construed in light of *Orange v. Calbone*[.]" Dkt. 10 at 2.

The court understands Eslinger's position to be that because the OCCA granted his Third Application (requesting an appeal out of time) on June 19, 2024 (Dkt. 9-18), his one-year to file the instant Petition was tolled until November 14, 2024, when the OCCA affirmed the denial of his First Application. Dkt. 9-19. Contrary to Eslinger's argument, the fact that the OCCA granted his Third Application on June 19, 2024, did not entitle him to tolling from March 10, 2022, until November 14, 2024.

At issue in *Orange* was whether the OCCA's order granting a direct appeal out of time constituted "direct review" for § 2244(d)(1)(A) purposes. *Orange,* 318 F.3d at 1169. The Tenth Circuit held that it did, as it "essentially placed" the petitioner "in the same procedural posture as if he had timely pursued a direct appeal from his convictions and sentences." *Id.* at 1170-71. Therefore, the petitioner's one-year statute of limitations did not begin to run until the OCCA, after granting a direct appeal out of time, affirmed the petitioner's conviction. *Id.* at 1173. Furthermore, the Tenth Circuit expressly distinguished a direct appeal and a post-conviction appeal under the Oklahoma Post-Conviction Procedure Act. *See id.* at 1171. Subsequent to *Orange,* the Tenth Circuit has rejected attempts, like Eslinger's, to invoke *Orange* to argue that a post-conviction appeal out of time is part of the direct review process and resets the time to file a federal habeas petition. *See Hector v. Oklahoma*, 158 F. App'x 157, 158 (10th Cir. 2005) (rejecting the petitioner's reliance on *Orange* for his claim that his statutory year should start "when the OCCA denied his post-conviction appeal out of time," noting that *Orange* "involved a direct appeal out of time, not a post-conviction appeal out of time," and concluding that "[t]he denial of post-

8

conviction relief in these circumstances is not a part of the direct review process"); *Davis v. Ward*, 140 F. App'x 805, 806 (10th Cir. 2005) (unpublished) (same).

Accordingly, based on the Tenth Circuit's guidance, Eslinger is not entitled to a different trigger date under 28 U.S.C. § 2241(d)(1). His one-year statute of limitations began to run when his conviction was affirmed by the OCCA, and he did not file a petition for certiorari. Further, as explained above, the court outlined the proper application of statutory tolling. *See supra.* Even with the benefit of statutory tolling provided by his First Application and Second Application[10] his Petition is still untimely. The Third Application was filed beyond the applicable one-year period and did not provide any statutory tolling to Eslinger. *Clark*, 468 F.3d at 714. In all, Eslinger's reliance on *Orange* is misplaced, and the *Orange* decision does not provide him with any equitable tolling.

Beyond his reliance on *Orange* and his inaccurate application of statutory tolling, Eslinger does not identify any event or circumstance which entitles him to any tolling, equitable or statutory, after July 22, 2023. In his Objection, Eslinger argues he exercised due diligence and promptly sought an appeal out of time in February 2023 (Dkt. 9-11) after the OCCA erroneously dismissed his first post-conviction appeal (Dkt. 9-10). *See* Dkt. 10 at 2. Regarding extraordinary circumstances, Eslinger agues he "suffered from official error, i.e., the OCCA's miscalculation of his notice of appeal deadline, which was ben acknowledged in briefing. Such state-created impediment supports equitable tolling." *Id.* Eslinger failed to explain how his failure to timely

---

[10] Even if the court provides Eslinger statutory tolling from the filing of his Second Application, February 8, 2023, until the OCCA declined jurisdiction and dismissed the appeal as untimely, September 5, 2023, instead of February 8, 2023, until July 22, 2023, when he failed to timely file a Petition in Error, the instant Petition is still untimely. Under this scenario, Eslinger would have until January 3, 2023 (119 days after September 6, 2023) to file his Petition. Eslinger's Petition was filed February 11, 2025. Dkt. 1.

9

file the *instant* Petition was *caused* by the OCCA's miscalculation and erroneous dismissal of his appeal. *Marsh,* 223 F.3d at 1220 (petitioner must demonstrate "that the failure to timely file was *caused* by extraordinary circumstances beyond his control." (emphasis added)); *see also Ross v. Varano,* 712 F.3d 784, 803 (3d Cir.2013) ("[F]or a petitioner to obtain [equitable tolling] relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." (cited by *Del Rantz v. Hartley,* 577 F. App'x 805, 811 (10th Cir. 2014)).

Beyond the OCCA's erroneous dismissal of the appeal of the First Application, Eslinger does not point to any other extraordinary circumstance which prevented him from filing the instant Petition within the applicable one-year. Regarding due diligence, Eslinger waited seven months after the September 5, 2023, dismissal of his appeal (Dkt. 9-15) to file his April 5, 2024 Third Application (Dkt. 9-16). And he waited almost three more months after the OCCA affirmed the denial of his First Application (Dkt. 9-19) to file the instant Petition.[11] For all these reasons, the court concludes Eslinger has failed to establish extraordinary circumstances and due diligence. Eslinger is not entitled to equitable tolling, and his February 11, 2025 Petition, filed well beyond the AEDPA statute of limitations deadline, is time-barred.

---

[11] Eslinger's Third Application outlines a variety of purported reasons that his August 25, 2023 Petition in Error was delinquently filed with the OCCA. *See* Dkt. 9-16 at 8-12. Eslinger did not present these facts in his instant Petition. *See* Dkt. 1. Nevertheless, even liberally construing Eslinger's Petition and considering these reasons, this explanation regarding the belated filing of his Petition in Error does not establish any extraordinary circumstance that caused the untimely filing of the instant Petition.

## IV.   Actual Innocence

In his Objection, Eslinger argues he satisfies the actual innocence gateway. Dkt. 10 at 3.[12] The Tenth Circuit recognizes the "fundamental miscarriage of justice exception" is "commonly known as a showing of actual innocence[.]" *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021). Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 and 401 (2013); *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord McQuiggin*, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)). "To be credible, a claim of actual innocence requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Fontenot*, 4 F.4th at 1031 (quoting *Schulp*, 513 U.S. at 324).

Even if the court grants Eslinger leeway and accepts the actual innocence argument raised in his Objection, Eslinger did not satisfy the requirements of the actual innocence gateway. Eslinger argues his "conviction rests solely on uncorroborated testimony of a co-defendant with motive to shift blame. No forensic, eyewitness, or documentary evidence proves burglary beyond

---

[12] Eslinger may not amend his Petition by including additional allegations in his Objection. *Cf. Jojola v. Chavez,* 55 F.3d 488, 494 (10th Cir. 1995) ("It is well-established, however, that in determining whether to grant a motion to dismiss, the district court … [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."); *Jones v. Ciolli,* No. 22-CV-3262, 2023 WL 11888941 at *1 (D. Colo. May 3, 2023) (unpublished) (applying *Jojola's* principle to writ of habeas corpus).

a reasonable doubt. A handwriting expert could have shown bills of sale to be genuine-evidence the jury never heard." Dkt. 10 at 3. This is merely an argument. Eslinger has failed to present any "new reliable evidence" that was not presented at trial, *Fontenot,* 4 F.4th at 1031, or satisfy the demanding evidentiary requirements required of actual innocence claims, *Perkins*, 569 U.S. at 386 and 401; *House,* 547 U.S. at 538. Accordingly, Eslinger failed to adequately raise and demonstrate actual innocence and, thereby, he cannot avail himself of the actual innocence gateway.

## CONCLUSION

The court finds and concludes Eslinger cannot obtain federal habeas relief under 28 U.S.C. § 2254. Eslinger's Petition is time-barred. The court, therefore, dismisses the Petition. The court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate the dismissal of the Petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Dkt. 8) is **GRANTED**; the Petition (Dkt. 1) is **DISMISSED**; a certificate of appealability is **DENIED**; and a separate judgment shall be entered in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall note on the record the substitution of Scott Tinsley, Interim Warden, in place of Randy Harding as party Respondent.

**DATED** this 3rd day of March, 2026.

Ronald A. White
United States District Judge
Eastern District of Oklahoma